# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARY ANN LAMKIN,

        Petitioner,

                              CIVIL NO. CASE NO. 14-CV-14596

v.                                   HONORABLE SEAN F. COX

                              UNITED STATES DISTRICT COURT

ERIKA PHENY, and DAN CHEPESKA,

        Respondents.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Mary Ann Lamkin, ("petitioner"), currently discharged from probation,[1] has filed through her attorney Hugh M. Davis, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, petitioner challenges her conviction for resisting and obstructing a police officer, Mich. Comp. Laws, § 750.81d(1). For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

---

[1] Petitioner was on probation when she filed her petition. Petitioner's probationary status at the time that she filed her petition satisfied the "in custody" requirement for filing a habeas petition. *See Miskel v. Karnes,* 397 F. 3d 446, 450 (6th Cir. 2005). The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from probation and is no longer in custody. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner*, 742 F. 2d 262, 268 (6th Cir. 1984). Because petitioner was still serving her sentence at the time she filed her petition, she satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), in spite of her subsequent discharge. Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his or her habeas application. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Livingston County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from an altercation that occurred on Island Shore Drive in Livingston County. On July 8, 2008, defendant drove her car out of her driveway while her neighbor, Gloria McComb, was driving down Island Shore Drive. McComb believed that defendant's car blocked her safe passage down the road, which McComb said narrowed at that point in the roadway. When defendant wouldn't move her vehicle to allow passage, McComb eventually called the police. Two officers arrived, including the chief of police. After assessing the situation, the chief of police asked defendant to move her vehicle. Defendant responded with anger and profanity and repeatedly refused to move her vehicle. The chief of police then arrested defendant and charged her with resisting and obstructing a police officer.

*People v. Lamkin,* No. 308695, 2013 WL 3836153,* 1 (Mich.Ct.App. July 25, 2013).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 495 Mich. 978, 843 N.W.2d 913 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner's right to present a defense, guaranteed by the federal constitution (U.S. Const.Amend.VI) was violated when the trial court refused to admit evidence that the police officer lacked the lawful authority to order petitioner to move her vehicle.

II. Petitioner's right to have every element of the crime charged proven beyond a reasonable doubt was violated when the trial court took the questions of the lawfulness of the officer's order and petitioner's state of mind out of the jury's hands.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists

3

could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in

4

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### A. Claim # 1. The right to present a defense claim.

Petitioner contends that she was denied her constitutional right to present a defense when the trial court refused to permit petitioner to admit evidence that the police officer lacked the lawful authority to order petitioner to move her vehicle.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane,* 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude

potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F. 3d 507, 511-12 (6th Cir. 2003).

Petitioner argues the police chief's order to move her car was unlawful since he did not have the authority to give this order under the Michigan Vehicle Code (MVC), Mich. Comp. Laws, § 257.1, *et. seq.*, because Island Shore Drive is either a "private road," Mich. Comp. Laws, § 257.44(2), or a "private driveway," Mich. Comp. Laws, § 257.44(1), and therefore the MVC does not apply. Petitioner alleges that she was denied her right to present a complete defense when the trial court excluded evidence pertaining to Island Shore Drive being a private road and claiming that the officer lacked jurisdiction on this road.

The Michigan Court of Appeals rejected petitioner's claim as follows:

However, because the officer possessed broad authority under his community caretaking and peacekeeping duties, any evidence regarding the MVC or the legal status of Island Shore Drive would have resulted in a confusion of the issues to be tried, and could mislead the jury (particularly if the proposed instruction had been given). MRE 403. Furthermore, any such evidence was irrelevant because such an argument wrongfully presumes that a police officer's authority ends at the entrance of a private road.

Additionally we note that defendant's argument, when taken to its logical conclusion, would deprive law enforcement from keeping the peace. Defendant contends, and we reject, that the issue of whether a command is lawful is directly related to the place where the command is given. In this case, defendant asks this Court to void a police officer's authority because, in the parlance of the defendant, the officer did not have "jurisdiction" over a private road. Such a result is in stark contrast to the statutory authority given to police officers to maintain the public peace, and that authority is not mitigated by the nature of the property on which the command is given. Further, as applied here, defendant would have us rule that police officers had no authority to diffuse the situation which had arisen because it occurred on a private road. Such a result is abhorrent not only to the statutory authority given to police officers as outlined by this Court in *Corr*, but also common

sense.

*Lamkin*, No. 308695, 2013 WL 3836153, at * 5.

The trial court did not violate petitioner's right to present a defense by excluding evidence that is irrelevant, s*ee United States v. Lucas*, 357 F.3d 599, 604-606 (6th Cir. 2004), or evidence that confuses the issues or is misleading. *Rockwell*, 341 F. 3d at 513.  The evidence sought to be admitted was irrelevant and would have caused confusion and misled the jury because the police officers' authority to maintain the public peace is not mitigated by the nature of the property.  As mentioned when discussing petitioner's second claim, *infra*, the officers' conduct in maintaining the peace at the scene, attempting to move the vehicle from the roadway, and protecting the safety of petitioner and others on the scene, constituted the performance of their duties in their official capacity.  The police thus had the lawful authority to order petitioner to remove her vehicle from Island Shore Drive, even though it was a private roadway.  Any evidence that Island Shore Drive was a private roadway would have been irrelevant, confusing, and misleading to the issues to be adjudicated in the case.  The trial court did not deprive petitioner of her right to present a defense by excluding this evidence.  Petitioner's first claim is without merit.

**B.  Claim # 2.  Sufficiency of the evidence.**

Petitioner's second claim alleges that the trial court abused its discretion when it took the question of the lawfulness of the police order and petitioner's state of mind away from the jury, violating petitioner's right to have every element of the crime proved beyond a reasonable doubt.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review

of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

To convict a defendant for resisting and obstructing a police officer, the prosecution was required to show that: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v. Quinn*, 305 Mich.App.

484, 491, 853 N.W.2d 383 (2014) (quotation marks and citation omitted). In addition, "the prosecution must establish that the officers' actions were lawful." *People v. Moreno*, 491 Mich. 38, 51–52, 814 N.W.2d 624 (2012).

The trial court instructed the jury on the elements of the offense of resisting and obstructing a police officer as follows:

> With respect to resisting or obstructing a police officer, the Defendant is charged with the crime resisting and obstructing or opposing a police officer performing his duties. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the Defendant resisted or obstructed or opposed a police officer. Obstruct includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command. The Defendant must have actually resisted by what she said or did, but physical violence is not necessary.
>
> Second, that the Defendant knew or had reason to know that the person the Defendant resisted or obstructed or opposed was a police officer performing his duties at the time. With respect to intent, the Defendant's intent may be proved by what she said, what she did, how she did it, or by any other facts and circumstances in evidence. With respect to authority and jurisdiction, the Hamburg Township Police had the legal authority and jurisdiction to respond to a citizen's call for assistance and to issue a request, direction or command on Island Shore Drive. I Should add in Hamburg Township, Michigan.

(Tr. 9/20/11, pp. 71-2).

Petitioner contends that there was insufficient evidence to convict her of resisting and obstructing a police officer because there was no evidence that she resisted a lawful command by the police, because the police lacked jurisdiction over Island Shore Drive, because it was a private roadway. The Michigan Court of Appeals noted that non-investigatory police duties such as maintaining the peace and controlling the scene have been recognized by the Michigan courts as lawful and official duties of the police. *People v. Lamkin*, 2013 WL 3836153, at *3 (collecting cases). The Michigan Court of Appeals concluded:

9

> As discussed above, the police chief was within his authority as a community caretaker and peacekeeper to order defendant to move her car. Further, ample evidence was presented that supported the jury's finding that defendant knew the police chief was a police officer and obstructed the performance of his duties by virtue of her knowing failure to obey his lawful command to move her vehicle. MCL 750.81 d(1); MCL 750.81 d(7)(a). Viewing the evidence in the light most favorable to the prosecution, a rational jury could have found the essential elements of the crime proven beyond a reasonable doubt, and therefore, defendant's conviction was supported by sufficient evidence.

*People v. Lamkin*, No. 308695, 2013 WL 3836153, at *4.

In the present case, there was sufficient evidence to convict petitioner of resisting and obstructing a police officer. The police chief gave petitioner an order to "move your car." Petitioner claimed at trial that no such order was given, but the jury rejected her defense. (Tr. 9/19/2011, pp. 100-101). The police chief was lawfully acting within his authority as a community peacekeeper and caretaker when he asked petitioner to move her car. Because petitioner refused to obey this lawful command, there was sufficient evidence to convict her of resisting and obstructing a police officer.

To the extent that petitioner argues that the Michigan Court of Appeals' legal determination about the elements of resisting and obstructing a police officer charge were invalid, she would not be entitled to habeas relief. The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins,* 288 F.3d 855, 862 (6th Cir. 2002). A federal court on habeas review must

10

distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Id.* (citing *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). This Court must therefore defer to the Michigan Court of Appeals' construction of the elements of state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The Michigan Court of Appeals determined that the police chief was acting within his lawful authority as a community peacekeeper and caretaker when he ordered petitioner to move her car and that his command was lawful. This Court must defer to the Michigan Court of Appeals' construction of the elements of resisting and obstructing a police officer and cannot grant habeas relief on any claim that the Michigan Court of Appeals misinterpreted Michigan's resisting and obstructing a police officer statute. Petitioner is not entitled to relief on her second claim.

**IV. Conclusion**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that petitioner will be denied leave to appeal *in forma pauperis*.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: March 25, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2016, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager